CLARENCE E. MERCER and MARY E. SCHUSTER,

*vs.*

THE ROCKWELL OIL COMPANY, a corporation of the State of Delaware, JOSEPH N. SCHUSTER, E. S. WENKER, C. C. HEICHEMER, MARY L. CAREY, and C. M. FORQUER.

*New Castle, December 29, 1949.*

*Albert Simon,* for plaintiffs.

*Robert C. Barab,* and *John A. Brown,* of Chicago, Illinois, for defendant Rockwell Oil Co.

*Caleb S. Layton,* of the firm of Richards, Layton & Finger, for individual defendants and counterclaimant.

SEITZ, Vice Chancellor. By an opinion of this court filed October 14, 1949, *ante p.* 213, 68 *A. 2d* 721, the dispute between opposing factions as to the stock ownership of such factions was decided. However, the parties were by a letter opinion and order thereon granted leave to reargue whether the 10,000 shares found to be the property of the so-called Joseph faction belonged to Joseph Schuster or his daughter Mary L. Carey.

The Martin faction argues vigorously that Joseph Schuster and not his daughter Mary L. Carey is the real owner of the 10,000 shares which I have decided belong to the Joseph faction. This argument is made because the Martin faction hopes to subject such shares to a claim which they are asserting against Joseph Schuster in the Federal Court in Illinois. The Joseph faction—and Joseph

in particular—contends that the evidence clearly demonstrates that Joseph Schuster transferred title to such shares to his daughter Mary L. Carey some time prior to 1932.

I do not intend to enter into any prolonged discussion concerning the evidence on the question here involved. Joseph Schuster and Mary L. Carey both agree that the 10,000 shares belong to Mary L. Carey. I believe that this is sufficient for me to conclude, as I do, that as between Joseph Schuster and Mary L. Carey the 10,000 shares belonging to the Joseph faction became the property of Mary L. Carey some time prior to April 1932. For present purposes, I deem it unnecessary to decide whether, as between Joseph Schuster and Mary L. Carey, the transfer was by way of a gift or for consideration. In either event it was equally effective as between the parties.

Whether for purposes of satisfying any claim established against Joseph Schuster arising out of the management of the corporation between 1937 and 1941, the facts would warrant a court in an appropriate action in treating the 10,000 shares belonging to Mary L. Carey as though they belonged to Joseph Schuster, I do not decide. That is another issue.

A final judgment will be entered declaring title to the 10,000 shares to be in Mary L. Carey. If plaintiffs' counsel desires, an appropriate provision may be inserted to make evident the limited nature of my determination. Other matters covered in the previous opinion may also be included.

An order accordingly will be entered on notice.